UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENIESHA A. GRANT, <br><br> Plaintiff, <br><br> v. <br><br> HALSTEAD FINANCIAL SERVICES, LLC <br><br> Defendant, | Case No.: 1:21-cv-03076 <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** KENIESHA A. GRANT, by and through her undersigned counsel, complaining of Defendant HALSTEAD FINANCIAL SERVICES, LLC as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

5. KENIESHA A. GRANT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Columbus, Ohio.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. HALSTEAD FINANCIAL SERVICES, LLC ("Defendant") is a debt collection agency. Defendant maintains its principal place of business at 8001 North Lincoln Ave, Suite 50, Skokie, Illinois 60076.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. At some point, Plaintiff applied and was approved for a Better Cash Payday Loan.

10. Due to unforeseen financial circumstances, Plaintiff was unable to pay her obligation to Better Cash Payday Loan.

11. On or around March 2021, Plaintiff began receiving telephone calls to her cellular telephone placed by Defendant.

12. Upon answering a call placed by Defendant on or around March 8th, 2021, Plaintiff was informed that Defendant was attempting to collect $1,000 for Better Cash Pay Day Loan ("subject debt").

13. During the March 8th, 2021 call, Plaintiff requested that Defendant cease all telephone calls.

14. Following her requests that Defendant cease that calls, Plaintiff received an unconsented call to her cellular telephone shortly thereafter.

15. Frustrated that her request that Defendant cease the calls fell on deaf ears, Plaintiff requested once more that Defendant cease all calls.

16. For a short time, Defendant stopped the telephone calls to Plaintiff.

17. On or around April 2021, Plaintiff again continued to receive calls to her cellular telephone from Defendant collecting on subject debt.

18. On or around May 2021, Plaintiff started to receive text messages to her cellular telephone detailing that she was offered a settlement with an attached link to be directed to Defendant's website.

19. In total, Defendant has placed no less than 30 phone calls to Plaintiff since she requested that the phone calls cease.

20. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

21. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

22. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone

subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of 15 U.S.C. §1692c**

27. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

28. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

29. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

**b. Violations of FDCPA §1692d**

30. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§ 1692d and d(5) when it placed approximately 30 collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

33. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

34. The fact that Defendant knowingly placed calls to Plaintiff after she made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, KENIESHA A. GRANT, requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: June 8, 2021

Respectfully submitted,

**KENIESHA A. GRANT**

By**:** /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone:(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com